United States District Court
Southern District of Texas
ENTERED
AUG 11 2000
Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANTONIO SALDANA-LEDEZMA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-026 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

Antonio Saldana-Ledezma, (Petitioner) is a prisoner incarcerated in the Big Spring Correctional Center in Big Spring, Texas. On November 12, 1998, Petitioner was convicted of illegal reentry after deportation and sentenced to 48 months imprisonment. Petitioner did not appeal his conviction.

Petitioner now seeks federal habeas relief pursuant to 28 U.S.C. § 2255 on the following grounds:

1. Counsel failed to argue for a downward departure on the basis of cultural assimilation in calculating petitioner's sentence, violating his right to effective assistance of counsel;

2. Counsel failed to argue for a downward departure on the basis of extraordinary family circumstances in calculating Petitioner's sentence, violating his right to effective assistance of counsel; and

3. Punishing the same conduct with both imprisonment and deportation violates his right not to be placed in double jeopardy.

## ANALYSIS

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to all habeas petitions filed after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Petitioner filed his § 2255 petition on February 7, 2000. *Pet. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* at 7. As such, his petition is subject to the AEDPA.

The AEDPA states that a 1-year period of limitation shall apply to a motion under § 2255. 28 U.S.C. § 2255 (1). The limitation period shall run from the date on which the judgment of conviction becomes final. *Id.*

In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of the entry of either the judgment or the order being appealed, or the filing of the government's notice of appeal. FED. R. APP. P. 4(b)(1)(A).

Here, the District Court entered the judgment on November 19, 1998. *Resp. and Mot. to Dismiss Mot. for Relief Under 28 U.S.C. § 2255* at 2. As such, the time to file an appeal expired 10 days later, on November 29, 1998, and the conviction became final on that date.[1] Consequently, the limitation period to file a federal habeas petition expired one year later, on November 29, 1999. Because Petitioner did not file his petition until February 7, 2000, his petition is time barred. *Compl.* at 7.

Thus, Respondent's Motion to Dismiss should be GRANTED, and Petitioner's application for federal habeas relief should be DENIED.

---

[1] A federal defendant's conviction becomes final for the purposes of the AEDPA when the 90 day time period for seeking certiorari in the U.S. Supreme Court expires, even where a petitioner has not actually sought a writ of certiorari. *U.S. v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000).
Here, Petitioner did not appeal the district court's verdict. As such, he had no judgment from the appellate court to appeal to the U.S. Supreme Court. Thus, the *Gamble* 90 day allowance is inapplicable.

2

## RECOMMENDATION

For reasons set forth above, Respondent's Motion to Dismiss should be GRANTED, and Petitioner's application for federal habeas relief should be DENIED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE in Brownsville, Texas this 10th day of August, 2000.

Felix Recio
United States Magistrate Judge

3